UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALFREDO SUCUP MEJIA,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE ANNEX, et al.,<br><br>Defendants. | No. 1:26-cv-03103-DJC-JDP<br><br><u>ORDER</u> |

Petitioner Luis Alfredo Sucup Mejia brings a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order challenging the constitutionality of a bond hearing and seeking release from immigration custody. Neither party objected to the Court ruling directly on the merits of the Petition. As explained below, the First Amended Petition for Writ of Habeas Corpus is granted and Respondents are ordered to provide Petitioner with another bond hearing within fourteen days.

**BACKGROUND**

Petitioner Luis Alfredo Sucup Mejia, a citizen of Guatemala, was detained following a traffic stop in New Jersey on November 8, 2025. (FAP (ECF No. 15) ¶ 20.)

Petitioner subsequently received a bond hearing before an Immigration Judge on November 28, 2025. (*Id.* at ¶ 23.) During the bond hearing, Petitioner was not present due to his pending transfer to California. (*Id.* at ¶ 24.) However, Petitioner was represented by counsel who waived Petitioner's appearance. After hearing argument, the Immigration Judge denied bond. (*Id.* at ¶ 25; *see also* FAP, Ex. B.) The Immigration Judge, relying on two prior voluntary departures and two prior arrests for domestic violence, concluded that Petitioner did not meet his burden to show that he is not a danger to the community or a flight risk. (*Id.* at ¶ 24–25.) Petitioner states he has no prior voluntary removals and has not left the United States since his arrival in 2007. (*Id.* at ¶ 17.) Petitioner's Counsel reserved Petitioner's right to appeal, and the deadline to appeal the Immigration Judge's order was December 29, 2025. (FAP, Ex. B at 14.) Petitioner did not file an appeal. (FAP ¶ 26.) Petitioner states he was not informed of the bond decision or the appeal deadline by his counsel. (*Id.*)

On April 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (ECF No. 1.) The Government filed Opposition. (Opp'n (ECF No. 10).) Petitioner filed a Motion for Temporary Restraining Order. (Mot. (ECF No. 16).) The Motion for a Temporary Restraining Order is fully briefed. (Resp. (ECF No. 18); Reply (ECF No. 19).)

## DISCUSSION

### I. Venue

Respondents request to transfer this matter to the District of New Jersey and relate it back to the original case, *Sucup Mejia v. Bondi*, 25-cv-17852 (D.N.J. Nov. 24, 2025). In cases involving habeas petitions challenging present physical confinement, jurisdiction generally lies in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, (2004). At the time this case was filed, Petitioner was detained at the Golden State Annex ERO Processing Facility in McFarland, California. (Mot. TRO (EFC No. 16-2)). Thus, this Court has jurisdiction, and venue is appropriate in the Eastern District of California.

**II. Fifth Amendment Due Process Claims**

Because this bond hearing is a civil proceeding involving non-citizens, aliens involved in these proceedings do not have the same constitutional rights that U.S. citizens possess in criminal proceedings. *Ray v. Gonzales*, 439 F.3d 582, 586 (9th Cir. 2006). But federal law does guarantee the noncitizen the right to obtain counsel of their choice at their own expense in certain immigration proceedings. 8 U.S.C. § 1362; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (discussing a noncitizen's right to obtain counsel in removal proceedings). This right stems from the due process protections of the Fifth Amendment. *Iturribarria v. I.N.S.*, 321 F.3d 889, 899 (9th Cir. 2003). The Ninth Circuit has long recognized that this due process right to obtain counsel in immigration matters also includes a "right to competent representation from a retained attorney." *Ray*, 439 F.3d at 587 (emphasis in original). Because due process requires more than availability of counsel, a noncitizen is denied due process when his attorney provides ineffective assistance. *Id.*

"Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case." *Lopez v. I.N.S.*, 775 F.2d 1015, 1017 (9th Cir. 1985). To establish a due process violation, the Petitioner must make two showings: (1) the alleged ineffective assistance rendered the proceeding so fundamentally unfair that the Petitioner was prevented from reasonably presenting his case and (2) the ineffective assistance resulted in "substantial prejudice," which "is essentially a demonstration that the alleged violation affected the outcome of the proceedings." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004), amended sub nom. *Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005).

Petitioner raises multiple issues with the bond hearing as discussed below. While none standing alone is dispositive, the cumulative issues with the bond hearing Petitioner received violate Due Process, and another hearing is warranted.

**A. Petitioner's Presence at His Bond Hearing**

Petitioner alleges he was prevented from attending his scheduled bond hearing due to his pending transfer from the facility in New Jersey to a facility in California. (FAP ¶ 24.) Petitioner's counsel, who was able to attend the hearing, waived Petitioner's presence. (FAP, Ex. B.) The transcript reflects the following exchange:

> **Immigration Judge Dennis Ryan ("Judge Ryan"):** For on the record, this is US Immigration Judge Ryan at the Newark, New Jersey Immigration Court, covering the Elizabeth Moshe and detained docket on 11 28 2025 for the matter of 221-491-742. These are bond custody determination proceedings. The court is covering the Elizabeth detention facilities docket today. The respondent is not currently at Elizabeth, and the court was made aware by court staff that the respondent is no longer housed at Elizabeth or is currently in transit. However, I do have Mr. Regis Fernandez, who is here on the respondent's behalf as his counsel, and I also have ACC Mayer, who is here on behalf of the Department of Homeland Security. Both of them are appearing via Webex before the court. Mr. Fernandez, considering that the respondent is not able to be produced, can you waive his appearance since you otherwise requested this bond hearing?
>
> **Counsel Regis Fernandez ("Counsel Fernandez"):** Yes your Honor
>
> **Judge Ryan:** All right. Great, thank you so much.

*Id.* at 5.

The Immigration Judge may, for good cause, waive the presence of the noncitizen at a hearing when the noncitizen is represented. 8 C.F.R. § 1003.25(a). A petitioner's absence, standing alone, does not render the proceeding unconstitutional. But the factual inaccuracies in the IJ's ruling,

coupled with the denial of Petitioner's appellate rights, highlight the due process issues raised by Petitioner's absence in this case.

### B. Factual Inaccuracies in the Immigration Judge's Reasoning

Petitioner argues the factual inaccuracies introduced into the record by Petitioner's attorney and relied upon by the Immigration Judge in determining flight risk amounted to ineffective assistance of counsel. (FAP ¶ 54). The transcript reflects the following:

> **Judge Ryan:** Counsel I would deny, finding he hasn't shown he's not a danger to the community, and separately I have concerns about the fact that he may be a flight risk as well. The voluntary returns are really bothering me in the sense that he's been returned voluntarily twice, and he has re-entered the United States on at least two separate occasions after he was already offered that benefit…

(FAP, Ex. B. at 13.) According to Petitioner, however, he has no voluntary departures (Mot. at 9), a fact that is uncontested by the Government, rending the IJ's conclusion that he is a flight risk unsupported.

When evaluating Petitioner's potential danger to the community, the Immigration Judge relied upon Petitioner's domestic violence arrests, the accuracy of which is not in dispute. Petitioner states that following the arrests, he participated in anger management classes, and all charges were ultimately dismissed. (FAP ¶ 19.) However, this evidence was not presented by Petitioner's counsel at the hearing, nor relied upon by the Immigration Judge. Counsel's reliance on inaccurate information and failure to present mitigating information to the Immigration Judge raises significant concerns.

### C. Ineffective Assistance of Counsel in Failing to Appeal the Bond Ruling

Petitioner argues his counsel was ineffective for failing to appeal the IJ's ruling without consulting with Petitioner. A valid claim for ineffective assistance of counsel must also meet both procedural and substantive burdens. *Ray* 439 F.3d at 587. Procedurally, a motion to reopen or reconsider based upon a claim of ineffective

assistance of counsel in the immigration context must comply with the *Lozada* requirements, which include an affidavit of the agreement with prior counsel, notice to that counsel with an opportunity to respond, and either a filed bar complaint or explanation for not filing one. *Matter of Lozada*, 19 I. & N. Dec. 637, 637 (BIA 1988).

In the present matter, Petitioner has submitted an affidavit but has not complied with the additional two *Lozada* requirements. However, courts in this circuit "have not hesitated to address ineffective assistance of counsel claims" even when a noncitizen fails to comply strictly with *Lozada*. *Ray*, 439 F.3d at 588; *see also Escobar-Grijalva v. I.N.S.*, 206 F.3d 1331, 1335 (9th Cir.), amended, 213 F.3d 1221 (9th Cir. 2000) (holding that failure to comply with the *Lozada* requirements is "not dispositive" when "the facts are plain on the face of the administrative record."); *Lo v. Ashcroft*, 341 F.3d 934, 937 n. 4 (9th Cir. 2003) (holding that courts "seldom reject ineffective assistance of counsel claims *solely* on the basis of *Lozada* deficiencies."). The Ninth Circuit similarly held in *Dearinger* held that where a noncitizen is prevented from filing an appeal due to counsel's error, the noncitizen may seek habeas review in a district court without filing a motion to reopen, effectively excusing the need to first exhaust administrative remedies, as Petitioner did in this case. 232 F.3d at 1045 n.4.

Substantively, a noncitizen "must show both that their counsel's performance was 'egregious' and that they were 'substantial[ly] prejudice[d]' as a result." *Ruiz v. Garland*, No. 22-329, 2023 WL 4823137, at *1 (9th Cir. July 27, 2023); *see also Ray* 439 F.3d at 587. However, when a noncitizen is prevented from filing an appeal in an immigration proceeding due to counsel's error, this error mandates a presumption of prejudice because the adversary process has been rendered "presumptively unreliable." *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (citing *Roe v. Flores-Ortega* 528 U.S. 470 (2000)). In cases involving such an error, courts will find the noncitizen has been denied due process if he can demonstrate "plausible grounds for relief." *Ray* 439 F.3d at 587 (quoting *United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996)).

At the conclusion of the bond hearing, Petitioner's counsel reserved the right to appeal at the hearing (FAP, Ex. B at 14). But Petitioner alleges his attorney did not file an appeal, contact him after the hearing, or inform him of his right to appeal. (FAP, Ex. A ¶ 27.) Because counsel failed to appeal and inform Petitioner of his right to appeal, the Court finds that Petitioner has been deprived of the appellate proceeding. Due to the factual errors present at the initial bond hearing, Petitioner has also established plausible grounds for relief.

Given the culmination of issues above – the failure to produce Petitioner for his bond hearing, the factual errors, and, most importantly, the loss of Petitioner's ability to appeal – the Court finds that Petitioner has established that the bond proceedings did not satisfy due process. Although Petitioner requests immediate release, the Court finds that his motion presently supports only another bond hearing. Therefore, the Court orders that Respondents provide Petitioner with a bond hearing within fourteen days.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The First Amended Petition for Writ of Habeas Corpus (ECF No. 15) is GRANTED as to Count Three. [1]
2. Within 14 days of this Order, Respondents shall afford Petitioner a new constitutionally adequate bond hearing pursuant to section 1226(a) at which Petitioner and Counsel are present.

////

////

////

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

3. The Clerk of the Court is directed to close this case. This order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE